# EXHIBIT J



*Office of the Principal Legal Advisor*

**U.S. Department of Homeland Security**
500 12th Street, SW
Washington, D.C.  20536

October 8, 2024

Daniel Galindo
125 Broad St. Floor #18
New York, New York 10004

**RE: 2024-ICAP-00312, 2024-ICFO-54792**

Dear Mr. Galindo:

This is in response to your letter dated September 11, 2024, received the same day, appealing the U.S. Immigration and Customs Enforcement's (ICE) Freedom of Information Act (FOIA) Office's denial of your request for expedited processing to your FOIA request dated September 4, 2024, seeking records as per the following:

> The disclosure of records submitted in response to a Request for Information ("RFI") titled "ICE West Coast Multi-State RFI," originally issued by U.S. Immigration and Customs Enforcement ("ICE") on August 14, 2024, for "available detention facilities for single adult populations (male and female)" in areas covered by the Phoenix, El Paso, Seattle, and San Francisco Enforcement and Removal Operations ("ERO") Field Offices, to include facilities in Arizona, New Mexico, Washington, Oregon, and Northern California.

*Expedited Treatment*

In your request, you raised conditions to rationalize expedited processing, based on there being a compelling need for these records, because the information requested is urgently needed by an organization primarily engaged in disseminating information to inform the public concerning actual or alleged Federal Government activity.

By letter dated September 20, 2024, the ICE FOIA Office acknowledged receipt of your FOIA request, granted your request for a fee waiver, and denied your request for expedited processing.  With respect to the latter, the ICE FOIA office stated:

> Your request for expedited processing is denied because you do not qualify for either category under 6 C.F.R. § 5.5(e)(1).  You failed to demonstrate a particular urgency to inform the public about the government activity involved in the request beyond the public's right to know about government activity generally.  Your letter was conclusory

Daniel Galindo
Page 2

in nature and did not present any facts to justify a grant of expedited processing under the applicable standards.

You have now conditionally appealed the denial of expedited treatment of your FOIA request.   Your appeal argues two points for expedited processing:

(1) ACLU is "primarily engaged in disseminating information" within the meaning of the statute. 5. U.S.C § 552(a)(6)(E)(v)(II). The requested records are urgently needed to inform the public about actual or alleged government activity. Specifically, the requested records pertain to ICE's active plans to expand immigration detention facilities in Arizona, New Mexico, Washington, Oregon, and Northern California, and

(2) Detention of noncitizens, and ICE's decision to expand or end detention contracts, is a matter of significant government activity and public interest. Plans to expand or close detention facilities in the areas identified by the RFI is a matter of widespread media interest, which have closely followed and reported on local and national administrative measures to restrict detention, close detention facilities, or open new facilities in Arizona, New Mexico, Washington, Oregon, and Northern California. Members of Congress—including those representing states where ICE has sought proposals for expanded immigration detention in this RFI -- have repeatedly raised concerns about conditions of confinement, continued presence, use of private prison detention facilities, and expansion of detention with the Department of Homeland Security. The requested records will inform the public of activity by ICE and DHS. 5 U.S.C. § 522(a)(6)(E)(i)(I).

On appeal, ICE employs a *de novo* review of the denial of expedited treatment of your FOIA request.  As a requester, you bear the burden under the FOIA of showing that your request satisfies the requirements for expedited treatment.

The DHS FOIA Regulations at 6 C.F.R. § 5.5(e) provide the following four situations in which expedited processing is warranted:

(i) Circumstances in which the lack of expedited processing could reasonably be expected to pose an imminent threat to the life or physical safety of an individual;
(ii) An urgency to inform the public about an actual or alleged federal government activity, if made by a person who is primarily engaged in disseminating information;
(iii) The loss of substantial due process rights; or
(iv) A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence.

The first situation in which processing on an expedited basis is appropriate requires a showing of circumstances in which the lack of expedited processing could reasonably be expected to pose an imminent threat to the life or physical safety of an individual.  You have not provided any specific evidence demonstrating that standard processing of the request would pose an imminent threat to the life or physical safety of any particular individual.

Daniel Galindo
Page 3

The second situation in which processing on an expedited basis is appropriate has two prongs. The first requirement is that there is an "urgency to inform the public about an actual or alleged federal government activity." The second requirement is that the requester "is primarily engaged in disseminating information." You have not demonstrated an urgency to inform the public about a federal government activity. The "urgency to inform the public" prong determination hinges on three factors: (1) whether the request concerns a matter of current exigency to the American public; (2) whether the consequences of delaying a response would compromise a significant recognized interest; and (3) whether the request concerns federal government activity. *Am. Civil Liberties Union v. U.S. Dep't of Justice*, 321 F. Supp. 2d 24, 29 (D.D.C. 2004). The first two factors have not been satisfied. You have not demonstrated that the request concerns a matter of current exigency to the American public.

With regard to the third situation in which processing on an expedited basis is appropriate ("[t]he loss of substantial due process rights"), you have not made a showing of a loss of substantial due process rights. Generally, a request may be expedited if it is shown that substantial due process rights of the requester would be impaired by the failure to process immediately, and that the information sought is not otherwise available. It is not sufficient, however, for a requester to merely allege that requested records are needed in connection with some judicial or administrative proceeding; rather, the immediate use of the FOIA must be shown to be critical to the preservation of a substantial right. Thus, your request for expedited treatment fails under 6 C.F.R. § 5.5(e)(1)(iii).

With regard to the fourth situation in which processing on an expedited basis is appropriate, you stated without providing evidence that the request deals with a matter of widespread media interest. You have not made a showing regarding the existence of possible questions about the government's integrity which would affect public confidence. Accordingly, your request for expedited processing fails under 6 C.F.R. § 5.5(e)(1)(iv).

Therefore, ICE affirms the decision of ICE FOIA to deny your request for expedited processing.

However, upon a complete review of the administrative record, ICE has determined that the ICE FOIA Office has yet to provide a final response to your FOIA request. We are therefore remanding your appeal to the ICE FOIA Office for the completion of processing, including tasking to the appropriate agency/office(s) to obtain any responsive documents. The ICE FOIA Office will respond directly to you.

Should you have any questions regarding this appeal decision, please contact ICE at ice-foia@dhs.gov. In the subject line of the email please include the word "appeal," your appeal number, which is **2024-ICAP-00312**, and the FOIA case number, which is **2024-ICFO-54792**.

Daniel Galindo
Page 4

Sincerely,

/s/ *Jennell Thomas*

*for*   Sara Jazayeri
Chief
Government Information Law Division
ICE Office of the Principal Legal Advisor
U.S. Department of Homeland Security

cc:    The ICE FOIA Office