UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>*Defendant*. | **AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>Case No. 24-cv-07183-VEC |

## INTRODUCTION

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief to compel the disclosure of certain records that are a matter of great public concern. Plaintiff American Civil Liberties Union Foundation ("ACLU") seeks the immediate processing and timely release of agency records from U.S. Immigration and Customs Enforcement ("ICE").

2. On May 30, 2024, ICE issued a "Request for Information" ("RFI") to identify possible immigration detention facilities in areas covered by ICE's Chicago, Harlingen, and Salt Lake City Enforcement and Removal Operations ("ERO") Field Offices ("First RFI"). On June 26, 2024, ICE also issued a Contract Detention Facility Solicitation ("Solicitation") for its Newark, New Jersey Area of Responsibility. On August 14, 2024, ICE issued a second RFI to identify detention facilities in areas covered by ICE's Phoenix, El Paso, Seattle, and San Francisco ERO


Field Offices ("Second RFI"). This action seeks the timely disclosure of responses to the First and Second RFIs, and the Solicitation, as requested by Plaintiff under FOIA.

3. ICE detains approximately 37,000 people each day in a network of over 120 immigration detention facilities nationwide.[1] Although ICE owns five detention facilities of is own, it relies on contracts, inter-governmental service agreements, and inter-governmental agreements with private prison companies, and local and state jurisdictions, for the use of prisons, jails, and other detention facilities to hold the majority of people in its custody.[2]

4. On May 30, 2024, ICE issued an RFI titled the "Multi-State Detention Facility Support-Request for Information," with Notice ID number 2024ICEMULTISTATE on Sam.gov, the federal government's official website for contract opportunities ("First RFI").[3] In the accompanying attachment, ICE provided further specifications for the First RFI, noting that "ICE is seeking available detention facilities for single adult populations" in areas including the Chicago ERO Field Office (Illinois, Indiana, Wisconsin, Missouri, Kentucky, and Kansas); the Harlingen ERO Field Office (South Texas), and the Salt Lake City ERO Field Office (Utah, Idaho, Montana, and Nevada). The First RFI noted that facilities "may be publicly or privately owned and publicly

---

[1] TRACImmigration, *Immigration Detention Quick Facts* (Jul. 14, 2024), https://trac.syr.edu/immigration/quickfacts/ [https://perma.cc/46QG-MXMF]; ICE ERO, *Authorized Non-Dedicated Facility List, Authorized Dedicated Facility List* (Jul. 8, 2024), https://www.ice.gov/doclib/facilityInspections/dedicatedNonDedicatedFacilityList.xlsx.

[2] DHS Office of Inspector General, *ICE Does Not Fully Use Contracting Tools to Hold Detention Facility Contractors Accountable for Failing to Meet Performance Standards* 3 (2019), https://www.oig.dhs.gov/sites/default/files/assets/2019-02/OIG-19-18-Jan19.pdf.

[3] Sam.gov, *Multi-State Detention Facility Support - Request for Information*, https://sam.gov/opp/ca0a3904f27d49039f75509932de0d3b/view [https://perma.cc/2AXV-UV8Z].

or privately operated."[4] Responses to the First RFI were due on June 23, 2024, and were to be submitted by email to John L. Kurtz, Contracting Officer, and William Burger, Contracting Officer Specialist.[5] ICE specified that "[t]he intent of this RFI is to obtain market information for planning purposes and to determine appropriate strategies to meet the agency's requirements."[6] ICE specified that the RFI was "issued solely for informational and planning purposes and does not constitute a request for proposal (RFP) or a commitment to a RFP in the future," and that "[r]esponses to this notice are not considered offers and cannot be accepted by the government to form a binding contract."[7]

5.      On June 26, 2024, ICE also issued a solicitation on Sam.gov, seeking "contract detention facility support" for the ICE ERO office in Newark, New Jersey. The solicitation, with the Notice ID FY24NJCDFSol, and a related notice at FY24NJCDF, sought "comprehensive detention services for adult male and female noncitizens" to "provide for general population, intake, segregated housing, and medical beds at a contractor-owned/contractor operated detention facility or facilities."[8] The opportunity was also updated to include the solicitation number 70CDCR24R00000012. The due date for offers was July 17, 2024, and the points of contact for the solicitation were also John L. Kurtz and William Burger.

---

[4] ICE, Immigration Detention Services, *Multi-State Detention Facility Support - Request for Information,* available for download at
https://sam.gov/opp/ca0a3904f27d49039f75509932de0d3b/view [https://perma.cc/2AXV-UV8Z].

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] Sam.gov, Contract Detention Facility Solicitation No. 70CDCR24R00000012 – ERO Newark, New Jersey Area of Responsibility,
https://sam.gov/opp/5cf4af3e829a465b83efaa9942a765a3/view [https://perma.cc/5VY5-QJCQ].

6.      Plaintiff, a non-profit, non-partisan civil liberties advocacy organization, submitted a FOIA request (the "First Request") to the Defendant on August 9, 2024, seeking the release of records responsive to the ICE's First RFI. To date, Defendant has not released any responsive records to the First Request, notwithstanding the FOIA's requirement that agencies respond to requests within 20 working days.

7.      On August 14, 2024, ICE issued a second RFI titled the "ICE West Coast Multi-State RFI," with Notice ID number ICEMULTISTATE01 on Sam.gov ("Second RFI").[9] In the accompanying attachment, ICE provided further specifications for the Second RFI, noting that "ICE is seeking available detention facilities for single adult populations (male and female)" in areas including the Phoenix ERO Field Office (Arizona); the El Paso ERO Field Office (New Mexico); the Seattle City ERO Field Office (Washington and Oregon); and San Francisco ERO Field Office (Northern California).[10] The Second RFI noted that facilities "may be publicly or privately owned and publicly or privately operated."[11]  Responses to the Second RFI were due on September 15, 2024, and were to be submitted by email to Natasha Nguyen, Contracting Officer, and John Cappello, Contract Specialist. ICE specified that "[t]he intent of this RFI is to obtain market information for planning purposes and to determine appropriate strategies to meet the agency's requirements."[12] ICE specified that the RFI was "issued solely for informational and

---

[9] Sam.gov, *ICE West Coast Multi-State RFI*, https://sam.gov/opp/b062f46b8208474f807af0a75e0d320f/view [https://perma.cc/MP9H-VTHZ].

[10] ICE, Immigration Detention Services, *Multi-state Request for Information*, available for download at https://sam.gov/opp/b062f46b8208474f807af0a75e0d320f/view [https://perma.cc/6NZD-ME34].

[11] *Id.*

[12] *Id.*

planning purposes and does not constitute a request for proposal (RFP) or a commitment to a RFP in the future," and that "[r]esponses to this notice are not considered offers and cannot be accepted by the government to form a binding contract."[13]

8.      Plaintiff submitted a FOIA request (the "Second Request") to the Defendant on September 4, 2024, seeking the release of records responsive to the ICE's Second RFI. To date, Defendant has not released any responsive records to the Second Request, notwithstanding the FOIA's requirement that agencies respond to requests within 20 working days.

9.      Plaintiff now asks the Court for injunctive and other relief requiring Defendant to conduct a thorough search for all responsive records to the First and Second Requests, and to immediately process and release any responsive records. Plaintiff appeals Defendant's denial of its request for a fee waiver with respect to the First Request and expedited processing of both Requests. Plaintiff seeks an order enjoining Defendant from withholding non-exempt, responsive records, and from charging search, review, or duplication fees for the processing of the Requests.

## JURISDICTION AND VENUE

10.     The Court has subject-matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). The Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 701–06.

11.     Venue lies in this district under 5 U.S.C. § 552(a)(4)(B). Plaintiff has its principal place of business in this district.

## PARTIES

12.     Plaintiff American Civil Liberties Union Foundation ("ACLU") is a nationwide, non-profit, nonpartisan 26 U.S.C. § 501(c)(3) organization, with its principal place of business in

---

[13] *Id.*

5

New York City. The ACLU's mission is to maintain and advance civil rights and civil liberties and to ensure that the U.S. government acts in compliance with the Constitution and laws of the United States. The ACLU is also committed to principles of transparency and accountability in government, and seeks to ensure that the American public is informed about the conduct of its government in matters that affect civil liberties and human rights. Obtaining information about governmental activity, analyzing that information, and widely publishing and disseminating it to the press and the public is a critical and substantial component of the ACLU's work and one of its primary activities.

13. Defendant ICE is an agency of the U.S. government within the meaning of 5 U.S.C. § 551, 5 U.S.C. § 552(f), and 5 U.S.C. § 702. ICE has possession, custody, and control of the records that the ACLU seeks.

## FACTUAL BACKGROUND

### A. Plaintiff's First FOIA Request

14. On August 9, 2024, the ACLU submitted the First Request to Defendant, seeking:

   1) All documents submitted in response to a Request for Information ("RFI") titled "Multi-State Detention Facility Support - Request for Information," with Notice ID "2024ICEMULTISTATE," originally issued by U.S. Immigration and Customs Enforcement ("ICE") on May 30, 2024, to "identify possible detention facilities" in areas covered by the Chicago, Harlingen, and Salt Lake City Enforcement and Removal Operations ("ERO") Field Offices.

   2) All documents submitted in response to a Contract Solicitation titled "Contract Detention Facility Solicitation No. 70CDCR24R00000012 – ERO Newark, New Jersey Area of Responsibility," originally published on June 26, 2024, and updated on July 11, 2024.

The First Request is attached as Exhibit A to this Complaint.

6

15. Plaintiff sought a waiver of search, review, and reproduction fees on the ground that disclosure of the requested records is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); *see also* 6 C.F.R. § 5.11(k).

16. Plaintiff also sought a waiver of search and review fees on the grounds that the ACLU qualifies as a "representative of the news media" and that the records are not sought for commercial use. 5 U.S.C. § 552(a)(4)(A)(ii); *see also* 6 C.F.R. § 5.11(d)(1).

17. In support of its request of a fee waiver, Plaintiff noted in its First Request that disclosure of the materials is in the public interest, in light of the attention and concern raised by members of Congress, the media, and advocates regarding ICE's plans to expand and establish new immigration facilities. Plaintiff cited to three different Congressional letters,[14] multiple news

---

[14] Exh. A at nn.9-11 (citing Letter from Sen. Cory Booker to Alejandro Mayorkas, Sec'y Dep't of Homeland Sec. (Jun. 6, 2024), https://www.booker.senate.gov/imo/media/doc/6624cblettericedetentionnewark1.pdf [https://perma.cc/22AA-7V2R]; Letter from Rep. Bonnie Watson Coleman et al., to Att'y Gen. Merrick Garland (Jun. 6, 2024), https://newjerseymonitor.com/wp-content/uploads/2024/06/doj_letter_to_ag_garland_6-6-24.pdf [https://perma.cc/2CSD-HCK7]; Letter from Sen. Elizabeth Warren, et al., to Alejandro Mayorkas, Sec'y Dep't of Homeland Sec. (May 14, 2024), https://www.warren.senate.gov/imo/media/doc/final_-_letter_to_dhs_and_ice_on_private_detention_center_use_05142024.pdf [https://perma.cc/EJ5T-HC4L]).

stories, including from national outlets such as *Reuters* and *The Wall Street Journal*,[15] and national advocacy letters.[16]

18.     Plaintiff noted that it is a 501(c)(3) nonprofit organization that has no commercial interest, and cited to its work of publishing, analyzing, and disseminating information through its heavily visited website, which includes many features on information obtained through FOIA requests. Plaintiff also noted to its status as a "representative of the news media" under 5 U.S.C. § 552(a)(4)(A)(ii)(II)-(III). *See also Nat'l Sec. Archive v. U.S. Dep't of Def.*, 880 F.2d 1381, 1387 (D.C. Cir. 1989) (finding that an organization that gathers information, exercises editorial discretion in selecting and organizing documents, "devises indices and finding aids," and "distributes the resulting work to the public" is a "representative of the news media" for purposes of the FOIA); *ACLU v. U.S. Dep't of Just.*, 321 F. Supp. 2d 24, 30 n.5 (D.D.C. 2004) (finding non-profit public interest group to be "primarily engaged in disseminating information").

---

[15] Exh. A at nn.12-14 (citing multiple articles, including Rafael Bernal, *Biden Administration's Immigrant Detention Moves Highlight Strained System*, The Hill, June 15, 2024, https://thehill.com/homenews/administration/4723342-biden-administration-immigrant-detention-moves-highlight-strained-system/; Ted Hesson, *U.S. To Close Costly Texas Immigration Detention Center and Reroute Funds*, Reuters, June 10, 2024, https://www.reuters.com/world/us/us-close-costly-texas-immigration-detention-center-reroute-funds-2024-06-10/; Michelle Hackman, *Biden to Close 'Dilley' Detention Center, Shift Resources Amid Border Crackdown,* Wall St. J., Jun. 10, 2024, https://www.wsj.com/politics/policy/biden-to-close-dilley-detention-center-shift-resources-amid-border-crack-down-2b2cfcb5).

[16] Letter from 211 Immigrant Rights Organizations to Alejandro Mayorkas, Sec'y of Dep't of Homeland Sec., *Pattern of Deteriorating Immigration Detention Conditions Amid Expansion Efforts* (Jul. 11, 2024), https://www.detentionwatchnetwork.org/sites/default/files/NGO%20Letter%20regarding%20ICE%20Detention%20-%20July%202024.pdf [https://perma.cc/MM6M-VPW3].

19. Plaintiff also sought expedited processing of the First Request on the ground that there is a "compelling need" for these records because the information requested is urgently needed by an organization primarily engaged in disseminating information in order to inform the public about actual or alleged federal government activity, citing to the same sources. 5 U.S.C. § 552(a)(6)(E); *see also* 6 C.F.R. § 5.5(e).

### B. Plaintiff's Second FOIA Request

20. On September 4, 2024, Plaintiff submitted a Second Request to Defendant, seeking:

> All documents submitted in response to a Request for Information ("RFI") titled "Multi-State Detention Facility Support - Request for Information," with Notice ID "2024ICEMULTISTATE," originally issued by U.S. Immigration and Customs Enforcement ("ICE") on August 14, 2024, to for available detention facilities in areas covered by the Phoenix, El Paso, Seattle, and San Francisco Enforcement and Removal Operations ("ERO") Field Offices.

Plaintiff specified that its request should be construed as an ongoing FOIA request, so that any records that come into possession of the agency prior to its final response should also be considered within the Request's scope. The Second Request is attached as Exhibit B.

21. In the Second Request, Plaintiff sought a waiver of search, review, and reproduction fees on the ground that disclosure of the requested records is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); *see also* 6 C.F.R. § 5.11(k). Plaintiff also sought a waiver of search and review fees on the grounds that the ACLU qualifies as a "representative of the news media" and that the records are not sought for commercial use. 5 U.S.C. § 552(a)(4)(A)(ii); *see also* 6 C.F.R. § 5.11(d)(1).

### C. Defendant's Responses to the Requests

#### 1. Defendant's Response to the First Request

22. By email dated August 14, 2024, ICE acknowledged receipt of the First Request on August 9, 2024, and assigned it tracking number 2024-ICFO-50888. This email also invoked a 10-day extension of time to respond to the First Request, and denied Plaintiff's request for expedited processing. The email did not explicitly respond to the Plaintiff's request for a fee waiver, or state whether the fee waiver request had been reviewed, approved, or denied. The email, however, stated that "[i]f you deem the decision to deny expedited treatment and fee waiver to for your request an adverse determination, you have the right to appeal." This email is attached as Exhibit C to this Complaint.

23. On August 19, 2024, the ACLU submitted an administrative appeal of ICE's denial of expedited processing of the First Request. To the extent that ICE had denied its request for a fee waiver, the ACLU also submitted an administrative appeal of that decision. In the administrative appeal, the ACLU referred to its original First Request, and also noted that ICE has routinely granted the ACLU fee waivers in its FOIA requests, including those related to immigration detention. *See, e.g.* ICE FOIA Case No. 2020-ICFO-16550, Jan. 9, 2020 (granting fee waiver to ACLU for FOIA request to ICE regarding detention contracts); ICE FOIA Case No. 2020-HQFO-01166, May 26, 2020 (granting fee waiver to ACLU for FOIA request regarding COVID-19 conditions in ICE detention); ICE FOIA Case No. 201-ICFO-14841, Jan. 11, 2018 (granting fee waiver to ACLU for FOIA request regarding segregation review management system in ICE detention); *see also. Serv. Women's Action Network v. Dep't of Def.*, 888 F. Supp. 2d 282, 287 (D. Conn. 2012) ("organizations like the ACLU are regularly granted news representative status" for FOIA fee waivers); *Am. C.L. Union of Wash. v. U.S. Dep't of Just.*, No. C09-0642RSL,

2011 WL 887731, at *10 (W.D. Wash. Mar. 10, 2011) (similar). The administrative appeal is attached as Exhibit D to this Complaint.

24. By email dated August 20, 2024, ICE's Office of the Principal Legal Advisor confirmed receipt of the administrative appeal regarding the First Request on August 19, 2024, and assigned it tracking number 2024-ICAP-00297. This email is attached as Exhibit E to this Complaint.

25. On September 19, 2024, ICE's Office of the Principal Legal Advisor responded to the ACLU's administrative appeal for the First Request. In its response, ICE denied the ACLU's request for expedited processing, stating that the ACLU did not provide evidence that it is an organization primarily engaged in disseminating information, or that there was any urgency to inform the public about a federal governmental activity. ICE also denied, without any explanation, the ACLU's request for a fee waiver. ICE's Response is attached as Exhibit F to this Complaint.

26. ICE has produced no records or any other response to the First Request. To date, ICE has neither released responsive records nor explained its basis for withholding them.

### 2. Defendants' Response to the Second Request

27. By email dated September 10, 2024, ICE acknowledged receipt of the Second Request on September 4, 2024, and assigned it tracking number 2024-ICFO-54792. This email also invoked a 10-day extension of time to respond to the Second Request. This email did not respond to Plaintiff's request for expedited processing, nor did it explicitly respond to the Plaintiff's request for a fee waiver. The email, however, stated that "we shall charge you for records in accordance with the DHS Interim FOIA regulations as they apply to non-commercial requesters." This email is attached as Exhibit G to this Complaint.

28. On September 11, 2024, the ACLU submitted an administrative appeal and request for review or determination of ICE's failure to respond to its requests for a fee waiver and for expedited processing in its Second Request. This request is attached as Exhibit H to this Complaint.

29. By email dated September 20, 2024, ICE's FOIA Office sent a second acknowledgment of receipt of the Second Request. In this email, ICE's FOIA Office granted the ACLU's request for a fee waiver but denied its request for expedited processing regarding the Second Request. This email is attached as Exhibit I to this Complaint.

30. On October 8, 2024, ICE's Office of the Principal Legal Advisor responded to the ACLU's administrative appeal for the Second Request. In its response, ICE denied the ACLU's request for expedited processing and remanded to the ICE FOIA Office because it had not yet provided a final response to the Second Request, including tasking any appropriate agency to obtain any responsive documents. ICE's Response is attached as Exhibit J to this Complaint.

31. ICE has produced no records or any other response to the Second Request. To date, ICE has neither released responsive records nor explained its basis for withholding them.

## STATUTORY REQUIREMENTS

32. "The Freedom of Information Act was enacted to facilitate public access to government documents." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991) (citing *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 151 (1989)). Its basic purpose is "to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and hold the governors accountable to the governed." *See NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).

33. With that purpose in mind, the FOIA statute requires federal agencies like Defendant to disclose records within 20 working days in response to FOIA requests. 5 U.S.C. § 552(a)(6)(A)(i).

34. If there are "unusual circumstances," an agency may extend the time limit to respond by no more than 10 working days. *Id.* § 552(a)(6)(B)(i). To invoke that extension, the agency must provide "written notice . . . setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." *Id.*

35. An agency can extend its processing time beyond the additional 10 days only if it provides written notice and "an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." *Id.* § 552(a)(6)(B)(ii).

36. A district court has jurisdiction to enjoin the agency from withholding records and to order production of records that are subject to disclosure. *Id.* § 552(a)(4)(B).

37. A FOIA requester can seek a waiver of search and review fees on the ground that the disclosure of the information is in the public interest because it is likely to contribute significantly to the public's understanding of the operations and activities of the government, and is not primarily in the commercial interest of the requester. *Id.* § 552(a)(4)(A)(iii).

38. A FOIA requester can also seek a waiver of search and review fees on the grounds that the requester is a "representative of the news media," and the records are not sought for a commercial purpose. *Id.* § 552(a)(4)(A)(ii). A representative of the news media is "any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience." *Id.*

39. FOIA also allows for requesters to ask for expedited processing of their request for records if they can demonstrate a compelling need. *Id*. §552(a)(6)(E)(i). The term "compelling need" applies to requesters who are primarily engaged in disseminating information and possess the urgency to inform the public concerning actual or alleged Federal government activity. *Id*. § 552(a)(6)(E)(v)(II).

40. More than 30 working days have passed since Plaintiff filed the First and Second Requests. Thus, the statutory time period has elapsed as to both Requests. *Id.* § 552(a)(6)(C)(i).

41. Plaintiff has exhausted all administrative remedies regarding ICE's failure to respond to the Requests, because ICE has failed to comply with the extended time limit of 30 working days to respond to the Requests under the FOIA.

## CLAIMS FOR RELIEF

42. The failure of Defendant to make a reasonable effort to search for records responsive to the Requests violates the FOIA, 5 U.S.C. § 552(a)(3), and Defendants' corresponding regulations.

43. The failure of Defendant to promptly make available the records sought by the Requests violates the FOIA, 5 U.S.C. §§ 552(a)(3), (a)(6)(A), and Defendants' corresponding regulations.

44. The failure of Defendant to process Plaintiff's Requests expeditiously and as soon as practicable violates the FOIA, 5 U.S.C. § 552(a)(6)(E), and Defendants' corresponding regulations.

45. The failure of Defendant to unconditionally grant Plaintiff's request for a waiver of search, review, and duplication fees with respect to its First Request violates the FOIA, 5 U.S.C. § 552(a)(4), (a)(6), and Defendants' corresponding regulations.

46. Defendant's withholding of non-exempt agency records subject to the Requests violates the FOIA, 5 U.S.C. § 552, and Defendant's corresponding regulations.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully request that this Court:

a) Declare that Defendant's failure to respond and produce the requested records is unlawful;

b) Order Defendant to conduct a full, adequate, and expedited search for all responsive records;

c) Order Defendant to immediately process and release any responsive records;

d) Declare that the requested records are not exempt from disclosure under the Freedom of Information Act;

e) Enjoin Defendant from withholding non-exempt, responsive records;

f) Enjoin Defendant from charging Plaintiff search, review, or duplication fees for the processing of the First Request;

g) Award Plaintiff costs and reasonable attorneys' fees incurred in this action; and

h) Grant such other relief as the Court deems just and proper.

Respectfully submitted this 17th of October, 2024.

/s/ Eunice H. Cho
Eunice H. Cho*
American Civil Liberties Union Foundation
National Prison Project
915 Fifteenth Street NW, 7th Floor
Washington, DC 20005
Phone: (202) 548-6616
echo@aclu.org

/s/ Wafa Junaid
Wafa Junaid
Daniel Galindo**
American Civil Liberties Union Foundation
Immigrants' Rights Project
125 Broad Street, 19th Floor
New York, New York 10004
Phone: (212) 549-2500
wjunaid@aclu.org
dgalindo@aclu.org

Kyle Virgien*  
American Civil Liberties Union Foundation  
National Prison Project  
425 California Street, 7th Floor  
San Francisco, CA 94104  
Phone: (415) 343-0770  
kvirgien@aclu.org

My Khanh Ngo**  
American Civil Liberties Union Foundation  
Immigrants' Rights Project  
425 California Street, 7th Floor  
San Francisco, CA 94104  
Phone: (415) 343-0770  
mngo@aclu.org

*Counsel for Plaintiff*  
*admitted *pro hac vice*  
***pro hac vice* applications forthcoming