# EXHIBIT F

*Office of the Principal Legal Advisor*

**U.S. Department of Homeland Security**
500 12th Street, SW
Washington, D.C. 20536



September 19, 2024

Dan Galindo
ACLU Immigrants' Rights Project
125 Broad Street
New York, NY 10004

**RE: 2024-ICAP-00297, 2024-ICFO-50888**

Dear Mr. Galindo,

    This is in response to your letter dated August 19, 2024, received August 19, 2024, appealing the U.S. Immigration and Customs Enforcement's (ICE) Freedom of Information Act (FOIA) Office's denial of your request for expedited processing to your FOIA request dated August 9, 2024, seeking records pertaining to a Request for Information titled "Multi-State Detention Facility Support – Request for Information" to "identify possible detention facilities" in areas covered by ICE ERO field offices in the Chicago, Harlingen, and Salt Lake City areas. Additionally, you requested the disclosure of records submitted in response to ICE's "Contract Detention Facility Solicitation No. 70CDCR24R00000012 – ERO Newark, New Jersey Area of Responsibility."

    *Expedited Treatment*

    By letter dated August 14, 2024, the ICE FOIA Office acknowledged receipt of your FOIA request, provided notice of non-commercial requester fees, and denied your request for expedited processing. With respect to the latter, the ICE FOIA office stated:

> *Under the DHS FOIA regulations, expedited processing of a FOIA request is warranted if the request involves "circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual," 6 C.F.R. § 5.5(e)(1)(i), or "an urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information," 6 C.F.R. § 5.5(e)(l)(ii). Requesters seeking expedited processing must submit a statement explaining in detail the basis for the request, and that statement must be certified by the requester to be true and correct. 6 C.F.R. § 5.5(e)(3).*
>
> *Your request for expedited processing is denied because you do not qualify for either category under 6 C.F.R. § 5.5(e)(1). You failed to demonstrate a particular urgency to inform the public about the government activity involved in the request*

www.ice.gov

Dan Galindo
2024-ICAP-00297, 2024-ICFO-50888
Page 2

> beyond the public's right to know about government activity generally.  Your letter was conclusory in nature and did not present any facts to justify a grant of expedited processing under the applicable standards.

You have appealed the denial of expedited treatment of your FOIA request.  In your appeal, in your request, you raised one condition to rationalize expedited processing, namely that there is a "compelling need" for the records.

On appeal, ICE employs a *de novo* review of the denial of expedited treatment of your FOIA request.  As a requester, you bear the burden under the FOIA of showing that your request satisfies the requirements for expedited treatment.

The DHS FOIA Regulations at 6 C.F.R. § 5.5(e) provide the following four situations in which expedited processing is warranted:

> (i) Circumstances in which the lack of expedited processing could reasonably be expected to pose an imminent threat to the life or physical safety of an individual;
> (ii) An urgency to inform the public about an actual or alleged federal government activity, if made by a person who is primarily engaged in disseminating information;
> (iii) The loss of substantial due process rights; or
> (iv) A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence.

The first situation in which processing on an expedited basis is appropriate requires a showing of circumstances in which the lack of expedited processing could reasonably be expected to pose an imminent threat to the life or physical safety of an individual.  You have not provided any specific evidence demonstrating that standard processing of the request would pose an imminent threat to the life or physical safety of any particular individual.

The second situation in which processing on an expedited basis is appropriate has two prongs.  The first requirement is that there is an "urgency to inform the public about an actual or alleged federal government activity."  The second requirement is that the requester "is primarily engaged in disseminating information."  You have neither provided evidence suggesting that you represent an organization that is primarily engaged in disseminating information, nor have you demonstrated an urgency to inform the public about a federal government activity.

The "urgency to inform the public" prong determination hinges on three factors: (1) whether the request concerns a matter of current exigency to the American public; (2) whether the consequences of delaying a response would compromise a significant recognized interest; and (3) whether the request concerns federal government activity. *Am. Civil Liberties Union v. U.S. Dep't of Justice*, 321 F. Supp. 2d 24, 29 (D.D.C. 2004).  The first two factors have not been satisfied. You have not demonstrated that the request concerns a matter of current exigency to the American public.

With regard to the third situation in which processing on an expedited basis is appropriate ("[t]he loss of substantial due process rights"), you have not made a showing of a loss of

Dan Galindo
2024-ICAP-00297, 2024-ICFO-50888
Page 3

substantial due process rights. Generally, a request may be expedited if it is shown that substantial due process rights of the requester would be impaired by the failure to process immediately, and that the information sought is not otherwise available. It is not sufficient, however, for a requester to merely allege that requested records are needed in connection with some judicial or administrative proceeding; rather, the immediate use of the FOIA must be shown to be critical to the preservation of a substantial right. Moreover, a pending civil suit does not generally qualify a FOIA demand for expedited processing, *Rivera v. DEA*, 2 GDS, 81,365 at 81,953 (D.D.C. 1981). Additionally, in *Mitsubishi Electric Corp. v. Department of Justice*, 39 Ad. L. Rep.2d (P&F) 1133, 1140-42 (D.D.C. 1976), the Court pointedly refused to order expedited processing where a requester had not availed itself of existing civil discovery mechanisms for obtaining the records sought. You may also request the relevant documents to the proceeding from the Assistant Chief Counsel assigned to your case at the Office of Principal Legal Advisor (OPLA) through the *Dent* process, and/or you may submit a FOIA request to USCIS for the A-file. You may find more information about how to submit a FOIA request directly to USCIS at www.uscis.gov/foia.

With regard to the fourth situation in which processing on an expedited basis is appropriate, you stated without providing evidence that the request deals with a matter of widespread media interest. Likewise, you have not made a showing regarding the existence of possible questions about the government's integrity which would affect public confidence.

Therefore, ICE affirms the decision of ICE FOIA to deny your request for expedited processing and fee waiver.

Should you have any questions regarding this appeal decision, please contact ICE at ice-foia@dhs.gov. In the subject line of the email please include the word "appeal," your appeal number, which is **2024-ICAP-00297**, and the FOIA case number, which is **2024-ICFO-50888**.

Sincerely,

/s/ *Stephen M. Boyer*

    *for*  Sara Jazayeri
           Chief
           Government Information Law Division
           ICE Office of the Principal Legal Advisor
           U.S. Department of Homeland Security

cc:     The ICE FOIA Office