DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
By: JESSICA F. ROSENBAUM
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2777
E-mail: jessica.rosenbaum@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
:
AMERICAN CIVIL LIBERTIES UNION : Case No. 24 Civ. 7183 (VEC)
FOUNDATION, :
:
:
Plaintiff, : **ANSWER**
-against- :
:
:
UNITED STATES IMMIGRATION AND :
CUSTOMS ENFORCEMENT, :
:
:
Defendant. :
-------------------------------------------------------------- X

Defendant United States Immigration and Customs Enforcement ("ICE"), by and through its attorney, Damian Williams, United States Attorney for the Southern District of New York, answers the correspondingly numbered paragraphs of Plaintiff American Civil Liberties Union Foundation's Amended Complaint, ECF No. 18, upon information and belief as follows:[1]

---

[1] Any allegations not specifically admitted, denied, or otherwise responded to below are hereby denied. To the extent the Amended Complaint refers to or quotes from external documents, statutes, or other sources, ICE may refer to such materials for their complete and accurate contents, but such references are not intended to be, and should not be construed as, an admission that the cited materials are (a) correctly cited or quoted by Plaintiff, (b) relevant to this, or any other, action, or (c) admissible in this, or any other, action.

1.      Paragraph 1 contains Plaintiff's characterization of this action and prayer for relief, to which no response is required. To the extent a response is required, ICE admits that Plaintiff purports to bring this action under the Freedom of Information Act, 5 U.S.C. § 552, *et seq.* ("FOIA"), and otherwise denies the allegations.

2.      The first, second, and third sentences of Paragraph 2 consist of factual allegations unrelated to Plaintiff's legal claims against ICE under FOIA, to which no response is required. The fourth sentence of Paragraph 2 contains Plaintiff's characterization of this action and prayer for relief, to which no response is required. To the extent a response is required, ICE admits that this action seeks the disclosure of certain information under FOIA and otherwise denies the allegations.

3.      Paragraph 3 consists of factual allegations unrelated to Plaintiff's legal claims against ICE under FOIA to which no response is required. Furthermore, the allegations in Paragraph 3 purport to construe the contents of three electronic sources and ICE respectfully refers the Court to the three cited sources for a true and accurate statement of their contents.

4.      Paragraph 4 consists of factual allegations unrelated to Plaintiff's legal claims against ICE under FOIA to which no response is required. Furthermore, the allegations in Paragraph 4 purport to construe the contents of a Request for Information issued by ICE and ICE avers that the cited Request for Information speaks for itself, respectfully refers the Court to the cited Request for Information for a true and accurate statement of its contents, and denies any allegations inconsistent therewith.

5.      Paragraph 5 consists of factual allegations unrelated to Plaintiff's legal claims against ICE under FOIA to which no response is required. Furthermore, the

allegations in Paragraph 5 purport to construe the contents of a Solicitation issued by ICE and ICE avers that the cited Solicitation speaks for itself, respectfully refers the Court to the cited Solicitation for a true and accurate statement of its contents, and denies any allegations inconsistent therewith.

6. ICE lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's organizational status. As to the remaining allegations in the first sentence of Paragraph 6, ICE admits that Plaintiff submitted a FOIA request dated August 9, 2024. The remaining allegations in the first sentence of Paragraph 6 purport to construe the contents of the FOIA request and ICE avers that the FOIA request speaks for itself, refers the Court to the request for a true and accurate statement of its contents, and denies any allegations inconsistent therewith. As to the second sentence of Paragraph 6, to the extent that sentence consists of legal conclusions, no response is required; as to the remaining allegations, ICE admits that it has not yet released any records in response to Plaintiff's August 9, 2024, FOIA request and otherwise denies the allegations.

7. Paragraph 7 consists of factual allegations unrelated to Plaintiff's legal claims against ICE under FOIA to which no response is required. Furthermore, the allegations in Paragraph 7 purport to construe the contents of a Request for Information issued by ICE and ICE avers that the cited Request for Information speaks for itself, respectfully refers the Court to the cited Request for Information for a true and accurate statement of its contents, and denies any allegations inconsistent therewith.

8. ICE admits that Plaintiff submitted a FOIA request dated September 4, 2024. The remaining allegations in the first sentence of Paragraph 8 purport to construe the

contents of the FOIA request and ICE avers that the FOIA request speaks for itself, refers the Court to the request for a true and accurate statement of its contents, and denies any allegations inconsistent therewith. As to the second sentence of Paragraph 8, to the extent that sentence consists of legal conclusions, no response is required; as to the remaining allegations, ICE admits that it has not yet released any records in response to Plaintiff's September 4, 2024, FOIA request and otherwise denies the allegations.

9. The allegations in Paragraph 9 consist of Plaintiff's requests for relief, to which no response is required. To the extent a response is required, ICE denies that Plaintiff is entitled to the requested relief.

## JURISDICTION AND VENUE

10. The allegations in Paragraph 10 consist of Plaintiff's conclusions of law regarding jurisdiction, to which no response is required. To the extent that a response is required, ICE admits only that this Court has jurisdiction subject to the limitations of FOIA. ICE further avers that the cited statutes speak for themselves, refers the Court to the cited statutes for a true and accurate statement of their contents, and denies any allegations inconsistent therewith.

11. The allegations in Paragraph 11 consist of Plaintiff's conclusions of law regarding venue, to which no response is required. To the extent that a response is required, ICE admits only that venue is proper in the judicial district. ICE further avers that the cited statute speaks for itself, refers the Court to the cited statute for a true and accurate statement of its contents, and denies any allegations inconsistent therewith.

## PARTIES

12. ICE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13. The allegations in Paragraph 13 consist of legal conclusions, to which no response is required. To the extent a response is required, ICE admits that it is an agency for purposes of FOIA and that Plaintiff seeks records from ICE and otherwise denies the allegations.

**FACTUAL BACKGROUND**

A.  **Plaintiff's First FOIA Request**

14. ICE admits that Plaintiff submitted a FOIA request dated August 9, 2024. The remaining allegations in Paragraph 14 and its subparts consist of Plaintiff's quotation from the August 9, 2024, FOIA request, to which no response is required. ICE avers that the August 9, 2024, FOIA request speaks for itself, refers the Court to the request for a true and accurate statement of its contents, and denies any allegations inconsistent therewith.

15. ICE admits that Plaintiff sought a waiver of search, review, and reproduction fees in connection with the August 9, 2024, FOIA request and avers that the remaining allegations in Paragraph 15 consist of legal conclusions, to which no response is required. ICE further avers that the August 9, 2024, FOIA request and the cited statute and regulation speak for themselves, refers the Court to the August 9, 2024, FOIA request and cited materials for a true and accurate statement of their contents, and denies any allegations inconsistent therewith.

16. ICE admits that Plaintiff sought a waiver of search and review fees in connection with the August 9, 2024, FOIA request and avers that the remaining allegations in Paragraph 16 consist of legal conclusions, to which no response is required. ICE further avers that the August 9, 2024, FOIA request and the cited statute and regulation speak for themselves, refers the Court to the August 9, 2024, FOIA request and cited materials for a

true and accurate statement of their contents, and denies any allegations inconsistent therewith.

17. The allegations in Paragraph 17 purport to construe the contents of the August 9, 2024, FOIA request. ICE avers that the August 9, 2024, FOIA request speaks for itself, refers the Court to the request for a true and accurate statement of its contents, and denies any allegations inconsistent therewith.

18. The allegations in Paragraph 18 purport to construe the contents of the August 9, 2024, FOIA request and two legal cases. ICE avers that the August 9, 2024, FOIA request and those two cases speak for themselves, refers the Court to the request and cases for a true and accurate statement of their contents, and denies any allegations inconsistent therewith.

19. ICE admits that Plaintiff sought expedited processing of the August 9, 2024, FOIA request and avers that the remaining allegations in Paragraph 19 consist of legal conclusions, to which no response is required. ICE further avers that the August 9, 2024, FOIA request and the cited statute and regulation speak for themselves, refers the Court to the August 9, 2024, FOIA request and cited materials for a true and accurate statement of their contents, and denies any allegations inconsistent therewith.

**B.     Plaintiff's Second FOIA Request**

20. ICE admits that Plaintiff submitted a FOIA request dated September 4, 2024. The remaining allegations in Paragraph 20 consist of Plaintiff's quotation from and construction of the September 4, 2024, FOIA request, to which no response is required. ICE avers that the September 4, 2024, FOIA request speaks for itself, refers the Court to

the request for a true and accurate statement of its contents, and denies any allegations inconsistent therewith.

21.     ICE admits that Plaintiff sought a waiver of search, review, and reproduction fees in connection with the September 4, 2024, FOIA request and avers that the remaining allegations in Paragraph 21 consist of legal conclusions, to which no response is required. ICE further avers that the September 4, 2024, FOIA request and the cited statutes and regulations speak for themselves, refers the Court to the September 4, 2024, FOIA request and cited materials for a true and accurate statement of their contents, and denies any allegations inconsistent therewith.

**C.     Defendant's Responses to the Requests**

**1.     Defendant's Response to the First Request**

22.     ICE admits that on August 14, 2024, it acknowledged, by e-mail, receipt of Plaintiff's August 9, 2024, FOIA request, assigned that request case number 2024-ICFO-50888, and denied Plaintiff's request for expedited processing. ICE avers that the e-mail dated August 14, 2024, speaks for itself, refers the Court to that e-mail for a true and accurate statement of its contents, and denies any allegations inconsistent therewith.

23.     ICE admits that by letter dated August 19, 2024, Plaintiff appealed ICE's August 14, 2024, denial of expedited processing. ICE avers that the August 19, 2024, letter speaks for itself, refers the Court to the letter for a full and accurate statement of its contents, and denies any allegations inconsistent therewith.

24.     ICE admits that it confirmed receipt of Plaintiff's August 19, 2024, appeal by e-mail on August 20, 2024. ICE avers that the August 20, 2024, e-mail speaks for itself,

refers the Court to the e-mail for a true and accurate statement of its contents, and denies any allegations inconsistent therewith.

25. ICE admits that it responded to Plaintiff's August 19, 2024, appeal by letter dated September 19, 2024, wherein it affirmed its denial of Plaintiff's request for expedited processing and denied Plaintiff's request for a fee waiver. ICE avers that the September 19, 2024, letter speaks for itself, refers the Court to the letter for a true and accurate statement of its contents, and denies any allegations inconsistent therewith.

26. ICE admits that it has not released any records in response to the August 9, 2024, FOIA request and otherwise denies the allegations in Paragraph 26.

### 2. Defendant's Response to the Second Request

27. ICE admits that on September 10, 2024, it acknowledged, by e-mail, receipt of Plaintiff's September 4, 2024, FOIA request and assigned that request case number 2024-ICFO-54792. ICE avers that the e-mail dated September 10, 2024, speaks for itself, refers the Court to that e-mail for a true and accurate statement of its contents, and denies any allegations inconsistent therewith.

28. ICE admits that Plaintiff submitted a letter, dated September 11, 2024, requesting review of Plaintiff's requests for a fee waiver and for expedited processing. ICE avers that the September 11, 2024, letter speaks for itself, refers the Court to the letter for a true and accurate statement of its contents, and denies any allegations inconsistent therewith.

29. ICE admits that on September 20, 2024, it acknowledged, by e-mail, receipt of Plaintiff's September 4, 2024, FOIA request and that in that e-mail, ICE granted Plaintiff's request for a fee waiver and denied the request for expedited processing. ICE

avers that the e-mail dated September 20, 2024, speaks for itself, refers the Court to that e-mail for a true and accurate statement of its contents, and denies any allegations inconsistent therewith.

30. ICE admits that it responded to Plaintiff's September 11, 2024, appeal by letter dated October 8, 2024, wherein it affirmed its denial of Plaintiff's request for expedited processing. ICE avers that the October 8, 2024, letter speaks for itself, refers the Court to the letter for a true and accurate statement of its contents, and denies any allegations inconsistent therewith.

31. ICE admits that it has not released any records in response to the September 4, 2024, FOIA request and otherwise denies the allegations in Paragraph 31.

## STATUTORY REQUIREMENTS

32. The allegations in Paragraph 32 do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and purport to construe the contents of multiple legal cases. ICE respectfully refers the Court to the three cited cases for a true and accurate statement of their contents.

33. The allegations in Paragraph 33 do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and purport to construe the contents of a statute. ICE respectfully refers the Court to the cited statute for a true and accurate statement of its contents.

34. The allegations in Paragraph 34 do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and purport to construe the contents of a statute. ICE respectfully refers the Court to the cited statute for a true and accurate statement of its contents.

35. The allegations in Paragraph 35 do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and purport to construe the contents of a statute. ICE respectfully refers the Court to the cited statute for a true and accurate statement of its contents.

36. The allegations in Paragraph 36 do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and purport to construe the contents of a statute. ICE respectfully refers the Court to the cited statute for a true and accurate statement of its contents.

37. The allegations in Paragraph 37 do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and purport to construe the contents of a statute. ICE respectfully refers the Court to the cited statute for a true and accurate statement of its contents.

38. The allegations in Paragraph 38 do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and purport to construe the contents of a statute. ICE respectfully refers the Court to the cited statute for a true and accurate statement of its contents.

39. The allegations in Paragraph 39 do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and purport to construe the contents of two sections of a statute. ICE respectfully refers the Court to the cited statute for a true and accurate statement of its contents.

40. To the extent the allegations in the first sentence of Paragraph 40 do not set forth a claim for relief or aver facts in support of a claim, no response is required; to the extent a response is required, ICE admits that more than 30 working days have elapsed

since Plaintiff filed its August 9, 2024, or September 4, 2024, FOIA requests, and otherwise denies the allegations. The second sentence of Paragraph 40 consists of a legal conclusion to which no response is required. Further, the second sentence of Paragraph 40 purports to construe the contents of a statute and ICE avers that the cited statute speaks for itself, refers the Court to the statute for a true and accurate statement of its contents, and denies any allegations inconsistent therewith.

41. The allegations in Paragraph 41 consist of legal conclusions, to which no response is required. To the extent a response is required, ICE denies the allegations.

## CLAIMS FOR RELIEF

42. The allegations in Paragraph 42 consist of legal conclusions, to which no response is required. To the extent a response is required, ICE denies the allegations.

43. The allegations in Paragraph 43 consist of legal conclusions, to which no response is required. To the extent a response is required, ICE denies the allegations.

44. The allegations in Paragraph 44 consist of legal conclusions, to which no response is required. To the extent a response is required, ICE denies the allegations.

45. The allegations in Paragraph 45 consist of legal conclusions, to which no response is required. To the extent a response is required, ICE denies the allegations.

46. The allegations in Paragraph 46 consist of legal conclusions, to which no response is required. To the extent a response is required, ICE denies the allegations.

## REQUESTED RELIEF

The paragraphs following the "Wherefore" clause constitute a prayer for relief, to which no response is required. To the extent that a response is required, ICE denies that Plaintiff is entitled to the requested relief or any relief.

## AFFIRMATIVE AND OTHER DEFENSES

For its affirmative and other defenses, ICE alleges as follows:

### First Defense

The Amended Complaint fails to state a claim for which relief can be granted, as ICE has not unlawfully withheld any records within the meaning of the FOIA, 5 U.S.C. § 522.

### Second Defense

Plaintiff is not entitled to the production of any records exempt from disclosure by one or more exemptions enumerated in the FOIA, 5 U.S.C. § 552.

### Third Defense

At all times alleged in the Amended Complaint, ICE acted in good faith, with justification, and pursuant to authority.

### Fourth Defense

The Court lacks subject matter jurisdiction to the extent Plaintiff's request for relief exceeds the relief authorized under FOIA, 5 U.S.C. § 552.

### Fifth Defense

FOIA does not require ICE to create new records, provide reasons for its actions, or explain the conduct of the agency.

ICE may have additional defenses that are not known to it at this time, but that may be ascertained during litigation. ICE reserves the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE, ICE, having fully answered the allegations in the Amended Complaint and stated its defenses, respectfully requests that this Court dismiss the Amended Complaint with prejudice, enter judgment in favor of ICE, award costs for defense of this action, and grant such other relief as may be just and equitable.

Dated:   New York, New York
         October 31, 2024

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney
        Southern District of New York
        *Attorney for Defendant*

By:   */s/ Jessica F. Rosenbaum*
      JESSICA F. ROSENBAUM
      Assistant United States Attorney
      86 Chambers Street, Third Floor
      New York, New York 10007
      Tel.: (212) 637-2777