

**Eunice H. Cho**
Sr. Staff Attorney
National Prison Project
ACLU National Legal Department

November 13, 2024

**BY ECF**

Hon. Valerie Caproni
United States District Court
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

> Re:    ***American Civil Liberties Union Foundation v. United States Immigration and Customs Enforcement,*** **No. 1:24-cv-07183-VEC**

Dear Judge Caproni,

Counsel for Plaintiff American Civil Liberties Union Foundation ("ACLU") and Defendant Immigration and Customs Enforcement ("ICE") submit this Joint Letter in the above-referenced action, which Plaintiff brings pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

Plaintiff ACLU brings this action to compel Defendant ICE to search for and release records regarding the agency's identification of potential immigration detention sites across the country. ACLU filed its first FOIA request on August 9, 2024, and a second FOIA request on September 4, 2024. ACLU filed suit on September 23, 2024, and filed an amended complaint on October 18, 2024.

The parties write to provide the court with a status update and to respectfully request adjournment of the deadline to submit a proposed report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. The parties also respectfully propose that the Initial Pretrial Conference scheduled for November 22, 2024, at 10:00 a.m., be canceled given that there is no discovery or motion practice to be scheduled at this time. Instead of a Rule 26(f) letter, the parties respectfully propose that they submit a joint letter to the Court every 30 days, beginning November 22, 2024, regarding the status of ICE's searches and processing. The parties may seek the Court's assistance—whether as part of the monthly status updates or otherwise—if they are not able to resolve any issues informally.



Since the filing of this case, counsel for the parties have met and conferred, and have reached agreement on a processing schedule, as detailed further below. The parties also provide additional information regarding the status of the case.

## 1. FOIA Search and Processing Schedule

The ACLU's amended complaint seeks production of records regarding two FOIA requests. ACLU's first FOIA request ("First Request") includes two parts. Part 1 sought records submitted in response to a Request for Information ("RFI") issued by ICE to "identify possible detention facilities" in areas covered by its Chicago, Harlingen, and Salt Lake Field Office. Part 2 sought responses to a Contract Detention Facility Solicitation ("Solicitation") for its Newark, New Jersey Area of Responsibility. ACLU's second FOIA request ("Second Request") sought records submitted in response to a second RFI issued by ICE to identify "possible detention facilities" in areas covered by its Phoenix, El Paso, Seattle, and San Francisco Field Offices.

a. ICE will make its first production of responsive and non-exempt records by November 15, 2024, and subsequent productions of responsive and non-exempt records on the fifteenth of each month at a processing rate of 500 pages per month.

b. On or before November 15, 2024, ICE will process 442 pages of non-exempt records potentially responsive to Part 2 of the First Request from ICE's Office of Acquisition Management (OAQ).

c. On or before December 15, 2024, ICE will process, if located, records from OAQ responsive to Part 1 of the First Request, specifically, from a search of custodians John Kurtz and William Burger, for responses to RFI Notice ID Number 2024ICEMULTISTATE. If the number of processed pages for that request does not exceed 500, ICE will also process, up to 500 pages total, any records it locates responsive to the Second Request from OAQ, specifically, from a search of custodians Natasha Nguyen and John Cappello, for responses to RFI Notice ID Number ICEMULTISTATE01. If the number of pages processed for these Parts does not exceed 500 pages, ICE will also process, if located and up to 500 pages total, documents from searches of ICE Office of the Principal Legal Advisor's Commercial and Administrative Law Division



(CALD) and ICE Enforcement and Removal Operations' (ERO) Field Office Operations Division and Custody Management Division responsive to Part 2 of the First Request.

d.  If the number of processed pages for Part 1 of the First Request from the search of custodians John Kurtz and William Burger, for responses to RFI Notice ID Number 2024ICEMULTISTATE and to the Second Request from the search of custodians Natasha Nguyen and John Cappello, for responses to RFI Notice ID Number ICEMULTISTATE01 in total exceed 500 pages, ICE will process the excess pages and produce any non-exempt documents prior to processing documents from searches of CALD and ERO responsive to Part 2 of the First Request.

e.  ICE will provide a sample *Vaughn* Index, to include identification of the applicable exemption(s) and grounds for the withholding, for a sample of up to 10 redactions specified in a request to be submitted by Plaintiff's. ICE will provide the sample *Vaughn* Index within 7 days of Plaintiff's request (unless Plaintiff provides the request within a week of a federal holiday, in which case the sample *Vaughn* Index will be provided within 10 days of the request). ICE's provision of the sample *Vaughn* Index will not foreclose ICE's provision of a full *Vaughn* Index, as appropriate, should any party move for summary judgment.

## 2. Agreement on FOIA Search and Production Fees.

ICE will not charge ACLU any search or production fees for the FOIA requests at issue in this case.

## 3. Outstanding Motions and Motions for Summary Judgment

There are no pending motions before the Court.

The parties may need to engage in motion practice regarding the government's withholding of records under claimed exemptions and/or the adequacy of the government's search, which may be addressed in a motion for summary judgment. The parties may also need to engage in motion practice regarding the amount of reasonable attorneys' fees to which ACLU may be entitled. The parties intend to work



cooperatively to resolve any differences on these issues prior to submission of any motion. The parties do not anticipate requiring a motion to exclude expert testimony.

### 4. Discovery

No discovery has been taken to date. The parties anticipate resolving any issues presented in this case informally, or via motions for summary judgment, without the need for formal discovery. ICE respectfully submits that no discovery is necessary because it expects that this case, like most FOIA cases, will be resolved through settlement or on cross-motions for summary judgment without the need for discovery. *See Wood v. F.B.I.*, 432 F.3d 78, 84–85 (2d Cir. 2006). Plaintiff, however, reserves the right to seek discovery if unanticipated issues and disputes arise. *See, e.g. Fams. for Freedom v. U.S. Customs & Border Prot.*, 837 F. Supp. 2d 331, 336–37 (S.D.N.Y. 2011) (authorizing discovery in FOIA case)*; Brayton v. Office U.S. Trade Rep.*, 641 F.3d 521, 527 (D.D.C. 2011) (noting that resolution of a FOIA case on summary judgment is "not always" proper); *Long v. Imm. Customs Enforcement*, 464 F.Supp.3d 409 (D.D.C. 2020) (same).

### 5. Settlement

The parties are optimistic that Plaintiff's amended complaint can be resolved through settlement; to that end, the parties have already negotiated a schedule for ICE to process and release non-exempt documents responsive to Plaintiff's FOIA requests, as set forth above. The parties do not presently believe that the court's alternative dispute resolution mechanisms would be helpful in resolving this case.

### 6. Anticipated Length of Trial and Jury Trial

The parties anticipate resolving any issues presented in this case before trial, informally, or via cross-motions for summary judgment. However, should a trial be needed, parties anticipate that it will be less than one day, and no jury is requested.

### 7. Magistrate Judge

All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial.



Respectfully submitted,

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

By: /s/ *Eunice H. Cho*

EUNICE H. CHO*
Sr. Staff Attorney
American Civil Liberties Union
National Prison Project
915 15th Street NW, 7th Floor
Washington, DC 20005
Telephone: (202) 548-6619
Email: echo@aclu.org

*Attorney for Plaintiff*
*admitted *pro hac vice*

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: /s/ *Jessica F. Rosenbaum*

JESSICA F. ROSENBAUM
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2777
E-mail: jessica.rosenbaum@usdoj.gov

*Attorney for Defendant*