

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

February 20, 2025

**MEMO ENDORSED**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/21/2025
```

**By ECF**
Hon. Valerie Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *American Civil Liberties Union Foundation v. U.S. Immigration and Customs Enforcement*, No. 24 Civ. 7183 (VEC)

Dear Judge Caproni:

      This Office represents Defendant U.S. Immigration and Customs Enforcement ("ICE") in the above-referenced action. Plaintiff American Civil Liberties Union Foundation ("ACLU") brings suit pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). The parties respectfully submit a joint status update, in accordance with the Court's order of November 14, 2024, ECF No. 22.

      On November 14, 2024, ICE made its first production to Plaintiff of responsive and non-exempt records. In connection with the November release, ICE processed 442 pages of potentially responsive records. Of these 442 pages, ICE produced 222 pages to Plaintiff, which were withheld in part pursuant to FOIA Exemptions (b)(6), (b)(7)(C), and (b)(7)(E); determined that 107 pages were duplicates; and sent 74 pages to a third party for a submitter's notice pursuant to 6 C.F.R. § 5.7. On December 10, 2024, ICE produced 12 pages of these 74 pages to Plaintiff, withheld in part pursuant to FOIA Exemptions (b)(6) and (b)(7)(E). ICE also withheld 62 of these 74 pages in full pursuant to Exemptions (b)(3)(A) and (b)(4). ICE has based its (b)(3)(A) exemption on 41 U.S.C. § 423(a)(1). Additionally, 39 pages were referred to the U.S. Fish and Wildlife Service for a direct response to Plaintiff in November, which Plaintiff has since received.

      On December 10, 2024, ICE made its second production to Plaintiff of responsive and non-exempt records. In connection with the December release, ICE processed 380 pages of potentially responsive records. Of the 380 processed pages, ICE produced 23 pages to Plaintiff, which were withheld in part pursuant to FOIA Exemptions (b)(6), (b)(7)(C), and (b)(7)(E); determined that 98 pages were duplicates and 6 pages were non-responsive; and sent 253 pages to third parties for a submitter's notice pursuant to 6 C.F.R. § 5.7.

      On January 15, 2025, ICE made its third production to Plaintiff of responsive, non-exempt portions of the 253 pages it received back from third parties. With the January 15 production, ICE completed processing and production of all responsive, non-exempt records.

On January 17, 2025, Plaintiff sent a letter to counsel for ICE requesting further information about ICE's productions. Plaintiff questioned the legal basis for some of ICE's withholdings, and inquired whether ICE would release the redacted information. ICE responded to Plaintiff's letter on January 30, 2025. ICE acknowledged that it improperly applied Exemption (b)(3) to information responsive to Part 1 of Plaintiff's first FOIA request and to Plaintiff's second FOIA request; however, all such information was redacted pursuant to *both* Exemptions (b)(3) *and* (b)(4), so lifting the (b)(3) redactions would not result in the release of any additional information. Nonetheless, ICE has agreed to re-produce to Plaintiff the documents with the correct exemptions. Additionally, with respect to Exemption (b)(4), ICE has agreed to review and reconsider the (b)(4) redactions in all of its productions to assess whether there might be grounds for a discretionary release of any information previously withheld. The parties have agreed that ICE will complete its review of the (b)(4) redactions and produce any re-processed records by March 31, 2025. The parties will then meet and confer by April 15, 2025, regarding the next steps in resolving this case, and will provide a further status update to the Court on or before April 22, 2025.

We thank the Court for its consideration of this matter.

Respectfully submitted,

MATTHEW PODOLSKY
Acting United States Attorney for the
Southern District of New York
*Attorney for Defendant*

By:  /s/ *Jessica F. Rosenbaum*
JESSICA F. ROSENBAUM
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2777
E-mail: jessica.rosenbaum@usdoj.gov

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
*Attorney for Plaintiff*

By:  /s/ *Eunice H. Cho*
EUNICE H. CHO*
Senior Staff Attorney
American Civil Liberties Union
National Prison Project
915 15th Street NW, 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6616
Email: echo@aclu.org
*admitted *pro hac vice*

---

In light of this letter, the parties are relieved of their obligation to provide a status update in March. The deadline for the parties to file their next status update is ADJOURNED to **Tuesday, April 22, 2025.**

SO ORDERED.

2/21/2025

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

2