July 30, 2025

**By ECF**

Hon. Valerie Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, NY  10007

      Re:    *American Civil Liberties Union Foundation v. U.S. Immigration and Customs Enforcement*, No. 24 Civ. 7183 (VEC)

Dear Judge Caproni:

      This Office represents Defendant U.S. Immigration and Customs Enforcement ("ICE") in the above-named action. Plaintiff American Civil Liberties Union Foundation ("ACLU") brings suit pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). The parties respectfully submit a joint status update, in accordance with the Court's order of June 13, 2025, ECF No. 34.

      As discussed in previous status reports, ICE made three productions of responsive, non-exempt records in this case: on November 14, 2024, December 10, 2024, and January 15, 2025. Following those productions, Plaintiff requested further information about ICE's productions and, in particular, challenged the basis for certain withholdings and inquired whether ICE would release certain previously withheld information. ICE agreed to withdraw its assertion that Exemption (b)(3) applied to information responsive to Part 1 of Plaintiff's first FOIA request and to Plaintiff's second FOIA request; however, because ICE had also redacted the same information pursuant to Exemption (b)(4), ICE's withdrawal of the (b)(3) redactions did not result in the release of any additional information. Nonetheless, on April 1, 2025, ICE re-produced to Plaintiff the documents with the revised exemptions. Additionally, with respect to Exemption (b)(4), ICE agreed to review and reconsider the (b)(4) redactions in all of its productions to assess whether there might be grounds for a discretionary release of any information previously withheld. On April 1, ICE made a discretionary release of 253 pages of re-processed records.

      On April 14, 2025, the parties met and conferred regarding next steps in resolving this case. ICE agreed to re-process and release certain pages of its April 1 release and, on April 29, 2025, following re-processing, ICE produced 27 additional pages from the April 1 release. Additionally, on April 17, 2025, ICE produced to Plaintiff a *Vaughn* index for a sample of ten redactions that Plaintiff had selected.

      On May 30, 2025, Plaintiff identified additional potentially responsive records regarding solicitations to establish an ICE detention facility at Delaney Hall in Newark, New Jersey, which were withheld in full from the December 10, 2024, production. ICE agreed to re-review 62 pages that relate to Delaney Hall and were withheld in full from the December production, and produce any re-processed, non-exempt records from this set to Plaintiff by July 16, 2025; as part of that process, ICE needed to issue a submitter notice to a third-party contractor, The GEO Group ("GEO"), that had proposed the withholdings on the 62-page document. On July 10, 2025, ICE informed Plaintiff that there had been an issue with the submitter notice, and that it would be unable to produce responsive records by July 16, and requested an extension to July 23, 2025.

Plaintiff consented to this extension. Despite ICE's best efforts to comply with the July 23, 2025, deadline, GEO's response to the submitter notice remained outstanding as of that date and, on July 24, 2025, ICE's counsel notified Plaintiff that ICE was still awaiting GEO's response to the submitter's notice; had followed up with them; and would produce the records quickly upon receiving them back, which hopefully would be no later than July 28, 2025.

On July 28, 2025, ICE re-produced the 62 pages to Plaintiff. The 62 pages produced consist of a "Phase I-Volume I Environmental Proposal" for the Delaney Hall Facility in New Jersey. However, 53 pages of the production, which included the entirety of the environmental proposal, were redacted in full. Plaintiff is concerned that Defendants are improperly withholding records pursuant to 6 C.F.R. § 5.7.

ICE is continuing to confer with GEO regarding the applicable exemptions on the 62-page document, so that ICE can assess whether it agrees with and will defend those withholdings. Plaintiff has agreed to an extension for production of documents by August 15, 2025. ICE anticipates making a determination as to next steps with respect to those withholdings on or before August 15, 2025, but is not in a position at this time to commit to re-processing and producing any additional records by any particular date given that it does not know whether GEO will continue to insist on its withholdings (and, if so, potentially take action to defend those withholdings).

The parties propose the submission of another joint status letter on or before August 29, 2025, to further update the Court on their progress. We thank the Court for its consideration of this matter.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York
*Attorney for Defendant*

By:    /s/ *Jessica F. Rosenbaum*
JESSICA F. ROSENBAUM
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2777
E-mail: jessica.rosenbaum@usdoj.gov

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
*Attorney for Plaintiff*

By:    /s/ *Eunice H. Cho*
EUNICE H. CHO*
Senior Staff Attorney
American Civil Liberties Union

2

National Prison Project
915 15th Street NW, 7th Floor
Washington, D.C. 20005
Telephone: (202) 548-6616
Email: echo@aclu.org
*admitted *pro hac vice*